# ORPHANS' COURT OF BALTIMORE CITY

Filed January 25, 1893.

### IN THE MATTER OF THE ESTATE OF SARAH E. PROCTOR.

*S. Gross Horwitz* for plaintiff.

*John L. Dozier* for respondent.

LINDSAY, GANS & EDWARDS, JJ.—

This matter comes before the Court upon exceptions filed against the administration account in said estate, as follows:

First. That the administrator should not be allowed commissions upon the monies received from the beneficial societies, of which the deceased was a member, the same being no part of the personal estate of the decedent.

Second. That the amounts represented to have been paid to Samuel W. Chase and Philip Inglart are excessive.

Third. That no allowance should be made to the administrator for a floral chair, crepe and gloves, funeral notices and telegrams, as set forth and charged in said account.

Fourth. That no allowance should be made for the services of an attorney, as allowed by the Court, or for the item of the docket costs, and for other and substantial reasons.

The exception, as to the claim of Samuel W. Chase, was abandoned by the exceptants.

The petition is fully answered by the administrator, claiming that the account should stand as stated, and passed by the Court.

After the hearing of the testimony, and the arguments of the respective counsel, the Court is of the opinion that as to the first exception, it should be sustained, inasmuch as the *funeral benefits* are directly payable to the family of the decedent, and the administrator, as such, had no claim thereto. And in regard to the amounts allowed by said societies for *funeral expenses*, it is their province to pay the same also directly to the family of the decedent, but if paid to the administrator, it was for a specific purpose, namely, defrayment of *funeral expenses*, according to the provisions of their laws, and cannot, therefore, be diminished by the allowance of commissions thereon to the administrator.

Second. That the exception should be dismissed, and the claim of Philip Inglart allowed.

Third. That the amount charged for the floral chair should be disallowed, and the exception to the other amounts be dismissed.

Fourth. That the counsel fee be reduced to ten dollars, inasmuch as the counsel had received a like amount as appearance fee; and the claim for vaultage be reduced from $14.25 to $7, inasmuch as the time the body was in the vault seems unnecessary.

It is therefore ordered this 25th day of January, 1893, by the Orphans' Court for Baltimore City that the administration account in said estate be re-opened and re-stated as follows:

DR.

To amount in Savings Bank of Baltimore .......................... $ 96.02
To amount received from Daughters of Zion, Funeral Expenses ......... 40.00
To amount received from Daughters of Samaria ....................... 20.00
To amount received from G. Mercy Ben. Asso. ...................... 25.00
Amount received from Heroines of Jericho ......................... 20.00

$201.02

That all other sums received by the administrator from the beneficial societies, not being assets of the estate of the deceased, be stricken from the accounts, and be distributed to the family.

That the bills for the floral chair and wagon and driver be disallowed.

That the bill for vaultage be reduced to $7.

That the counsel fee be reduced to $10.

That the commissions on funeral benefits and expenses be disallowed.

And it is further ordered that each party pay their own costs.